The document below is hereby signed.

Signed: June 27, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                              )
                                   )
LORYNE JOYCE BOWEN,                )   Case No. 10-00032
                                   )   (Chapter 13)
              Debtor.              )
_____)
                                   )
LORYNE JOYCE BOWEN,                )
                                   )
              Plaintiff,           )
                                   )
       v.                          )
                                   )   Adversary Proceeding No.
NEW CENTURY MORTGAGE SERV.,        )   10-10026
et al.,                            )
                                   )   Not for publication in
              Defendants.          )   West's Bankruptcy Reporter.
```

MEMORANDUM DECISION AND ORDER DENYING MOTION FOR ENTRY OF DEFAULT

The plaintiff in the above-captioned adversary proceeding has filed with the court a praecipe requesting the court to enter a default judgment against New Century Mortgage based on its failure to respond to the summons and complaint.  Because, however, the plaintiff failed to effect proper service on New Century an entry of default is inappropriate at this time.

Federal Rule of Bankruptcy Procedure 7004 allows a plaintiff

to effect service of process by either first class mail or personal service.  Here, Bowen has opted for personal service, executing the summons on The Fisher Law Group, care of Jeffrey Fisher.  Under Rule 4(h) of the Federal Rules of Civil Procedure, incorporated in bankruptcy by Federal Rule of Bankruptcy Procedure 7004(a), a party can effect service of process upon a corporation, partnership, or association, by either (1) following the law of the state where the district court is located or service is effected or (2) delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute and the statute so requires, by also mailing a copy of the summons and complaint to the defendant.  Regarding the first option, District of Columbia law is identical to Rule 4(h)(1)(B) for service upon a corporation.  *See* Superior Court Rule of Civil Procedure 4(h).  Accordingly, Bowen's sole option for effecting service on a corporation in the District of Columbia is to deliver service to an officer of New Century (or an agent authorized to receive service on its behalf).

   Here, Bowen tried to effect service only upon Mr. Fisher, the debtor's attorney in a lift-stay proceeding in the main case.  The problem with this service, however, is there is nothing to show that Fisher is New Century's agent for service of process.

The mere fact that Fisher represented New Century in a proceeding seeking relief from the automatic stay does not mean that he is its agent for service of process in a separate proceeding.[1] Without a certificate of service reflecting personal services of process on an actual officer of New Century or evidence that Fisher is its appointed agent for service in *all* matters, this court lacks personal jurisdiction over New Century and, consequently, cannot enter a default judgment against it.  In accordance with the foregoing, it is

ORDERED that the plaintiff's motion for default judgment (Dkt. No. 7) is DENIED.

[Signed and dated above]

Copies to: Loryne Joyce Bowen.

---

[1] Rather than attempting personal service, the plaintiff would be well advised to attempt to effect service of process under Rule 7004(b)(3), which allows Bowen to mail a copy of the summons and complaint to the attention of an officer of New Century.